**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**NORA FERREIRA MARTINEZ**, et al.,

    Plaintiffs,

vs.                                                          Civil No. **08-384 MCA/CG**

**JAIME MARTINEZ MORENO** and**,**
**FORD MOTOR COMPANY**,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    **THIS MATTER** comes before the Court on *Plaintiffs' Motion to Remand and Request for Attorney Fees and Costs* [Doc. 7] filed on May 9, 2008. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants Plaintiffs' motion to remand but denies their request for attorney fees and costs for the reasons set forth below.

**I.**      **BACKGROUND**

    On October 26, 2007, Plaintiffs filed this civil action against Defendants Jaime Martinez Moreno and Ford Motor Company in the First Judicial District Court for the County of Santa Fe, State of New Mexico. Plaintiff's *Complaint* against these Defendants arises from a rollover accident in New Mexico involving a 1993 Ford Explorer driven by Defendant Moreno on or about December 9, 2005. Two of the vehicle's passengers (identified herein as "Decedents") died in the accident. [Doc. 1-3.]

    On April 15, 2008, Defendant Ford Motor Company removed this action to the United

States District Court for the District of New Mexico based on diversity of citizenship under 28 U.S.C. § 1332. The parties do not dispute their citizenship at the time of filing: the surviving Plaintiffs are residents of Mexico; the Decedents (for whose estates the adult Plaintiffs serve as personal representatives) are residents of California; Defendant Moreno is also a resident of California; and Defendant Ford Motor Company is a Delaware corporation with its principal place of business in Michigan. [Doc.1, Doc. 1-3.] 28 U.S.C. § 1332(c)(2) provides that the legal representative of a decedent's estate is deemed to be a citizen of the same state as the decedent, and the parties do not dispute that this rule applies to the personal representatives in this case. See Brown v. Mahdi, 482 F. Supp. 2d 1300, 1304-05 (D.N.M. 2007) (applying Section 1332(c)(2) to New Mexico's wrongful-death statute).

Defendant Ford Motor Company contends, however, that the citizenship of Defendant Moreno should be disregarded for purposes of satisfying the jurisdictional requirements of diversity because he was fraudulently joined as a Defendant in this action. As evidence of its belief that the joinder of this individual Defendant was fraudulent, Defendant Ford Motor Company submits an affidavit from Defendant Moreno's counsel stating that Plaintiffs' counsel wanted Defendant Moreno in the case to defeat diversity. [Doc. 1-7.] As evidence of its belief that Plaintiffs have no viable claim against Defendant Moreno, Defendant Ford Motor Company points to release documents allegedly signed by the adult Plaintiffs and a counterclaim filed by Defendant Moreno's counsel in state court prior to removal.

In his counterclaim, Defendant Moreno requests a declaratory judgment to the effect

that Plaintiffs' claims against him should be dismissed due to the prior settlement reflected in the release documents, or in the alternative, that Plaintiffs should be required to return the funds corresponding to the two $25,000 checks they received in exchange for those releases. [Doc. 1-6.] At the time of removal, the counterclaim was still pending, and its merits have yet to be decided.

On May 9, 2008, Plaintiffs filed their *Motion to Remand and Request for Attorney Fees and Costs* [Doc. 7], in which they assert that Defendant Ford Motor Company's removal of this action to federal court is defective for at least three reasons: (1) it was not timely filed within 30 days of the Defendants' receipt of the papers which form the basis for removal, (2) the removal lacked unanimity among all Defendants because the record does not show Defendant Moreno's consent to the removal, and (3) diversity of citizenship is lacking because Defendant Moreno was not fraudulently joined. In support of these assertions, Plaintiffs point to evidence that Defendant Ford Motor Company received notice of the release documents which form the basis for Defendant Moreno's counterclaim in January 2008, more than 30 days before the *Notice of Removal* was filed. [Doc. 7-2, 7-3, 7-4, 7-5.] Plaintiffs also cite evidence and authority to show that they may have a viable claim against Defendant Moreno notwithstanding the purported release documents cited by Defendants.

Specifically, Plaintiffs' counsel points out that: (1) several of the Plaintiffs are minors, (2) there was no court approval of any settlement on behalf of the minor Plaintiffs, (3) the adult Plaintiffs do not understand the English language (in which the release papers

were written) and (4) the adult Plaintiffs were contacted directly regarding the purported releases without any notice to the attorneys who represented them at that time. For these reasons, Plaintiffs' counsel asserts that the purported release documents are invalid and may have been fraudulently obtained. Plaintiffs' counsel also denies making any statement to the effect that Defendant Moreno was joined in this action solely for the purpose of defeating diversity. On the contrary, Plaintiff's counsel asserts that he told Defendant Moreno's counsel of the above reasons why he believes Defendant Moreno is properly joined in this action despite the existence of the purported release documents. [Doc. 7-9.]

## II.  ANALYSIS

Federal law provides that the United States District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. See 28 U.S.C. § 1332(a). An action initially brought in a state court may be removed to a federal district court pursuant to the authority set forth in 28 U.S.C. § 1441, which states, in pertinent part, that

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State Court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district Court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a).

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of remand. See City of Neodesha v. BP Corp. N. Am., 355 F.Supp.2d

1182, 1185 (D. Kan. 2005) (quoting Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3rd Cir.1990)).  When removal is challenged, the burden rests with the removing party to prove that jurisdiction exists.  In this regard, diversity jurisdiction depends upon all parties to one side of the case having a different citizenship from all parties to the opposing side.  Id.

In some instances, a removing party may assert diversity jurisdiction on the grounds that a non-diverse party was fraudulently joined.  The Tenth Circuit has explained that

> upon specific allegations of fraudulent joinder the court may pierce the pleadings, . . . consider the entire record, and determine the basis of joinder by any means available . . . . The joinder of a resident defendant against whom no cause of action is stated is patent sham . . . and though a cause of action be stated, the joinder is similarly fraudulent if in fact no cause of action exists . . . . This does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty.

Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964).  The party asserting fraudulent joinder bears a heavy burden inasmuch as that party must demonstrate that there is no possibility that the non-removing party would be able to establish a cause of action against the joined party in state court.  See  Montano v. Allstate Indemnity, No. 99-2225, 2000 WL 525592, at *2 (10th Cir. 2000) (unpublished disposition).  After initially resolving all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party, the Court's task is "then to determine whether that party has any possibility of recovery against the party whose joinder is questioned."  Id.  "[R]emand is required if any one of the claims against the non-diverse defendant . . . is possibly viable."

Id. (*citing* Green v. Amerada Hess Corp., 707 F.2d 201, 207 (5th Cir.1983)).

In the present case, it cannot definitively be said that no cause of action is possibly viable against Defendant Moreno. See id. The accident reports submitted with the parties' motion papers suggest that this Defendant admitted to falling asleep at the wheel, then overcorrecting as the vehicle drifted off the roadway. When combined with the Ford Explorer's alleged propensity to rollover, these actions may have caused the fatal accident. Certainly Defendants cannot dispute that the common law of the State of New Mexico (and other states) recognizes a passenger's cause of action for negligence against the driver of a vehicle in this type of scenario, even when another party may be liable as well. See, e.g., DeMatteo v. Simon, 112 N.M. 112, 115, 812 P.2d 361, 115 (Ct. App. 1991) (concluding that there was substantial evidence to support an award of punitive damages regarding passenger's claim against negligent driver and his employer).

Defendant Ford Motor Company's assertion that Defendant Moreno was fraudulently joined instead rests on the latter Defendant's counterclaim, which in turn rests on the purported release documents allegedly signed by the adult Plaintiffs in exchange for two $25,000 checks. But the merits of that counterclaim have yet to be decided, and Plaintiffs have submitted evidence and authority to the effect that the purported release documents may be invalid and perhaps fraudulent. See, e.g., Collins v. Tabet, 111 N.M. 391, 400, 806 P.2d 40, 49 (1991) (citing the general rule that settlement of minor plaintiffs' claims are not binding absent judicial approval); Rule 16-402 NMRA 2008 (restricting lawyers' communications with parties represented by counsel); Rule 16-503 NMRA 2008 (stating

6

lawyers' responsibilities with respect to supervising communications by nonlawyer assistants).

For purposes of applying the "fraudulent joinder" doctrine, it is not this Court's role to resolve the disputed facts concerning the merits of Defendant Moreno's counterclaim or provide a definitive interpretation of New Mexico law regarding the validity of the release documents in question here.  Rather, the Court's role at this preliminary juncture is limited to determining whether Defendant Ford Motor Company has met its heavy burden of showing that Plaintiffs have *no possibility* of recovery against Defendant Moreno.  See Wyckoff v. Boston Scientific Corp., No. 04-1194, 2005 WL 4001448, at *4 (D.N.M. 2005). In determining whether Defendant Ford Motor Company has met this burden, the Court is required to resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the Plaintiffs.  See id. at *3.

Viewed in this light, I must conclude that Defendant Moreno was not fraudulently joined because it is possible for Plaintiffs to prevail on their negligence claim against him despite the assertion of a counterclaim based on the purported release documents. It follows that diversity of citizenship is lacking because Defendant Moreno shares the same citizenship as the Decedents and their personal representatives under 28 U.S.C. § 1332(c)(2).  This action must be remanded to state court on that basis alone regardless of any additional defects in the removal procedure, such as the untimeliness of the *Notice of Removal* or the lack of any filing to indicate Defendant Moreno's consent to removal.

While the Court unequivocally finds that Defendant Ford Motor Company has not met

its heavy burden of proving the fraudulent joinder of a non-diverse Defendant, I also find that Defendant Ford Motor Company nevertheless had an objectively reasonable basis for asserting its novel (though ultimately incorrect) arguments in favor of removal. Accordingly, the Court declines to award attorney fees or costs to Plaintiffs. See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).

### III.  CONCLUSION

For the foregoing reasons, the Court determines that this action must be remanded to the First Judicial District Court for the County of Santa Fe, State of New Mexico, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c), each party to bear its own costs and attorney fees.

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion to Remand and Request for Attorney Fees and Costs* [Doc. 7] is **GRANTED IN PART** with respect to remanding this action and **DENIED IN PART** with respect to awarding attorney fees and costs.

**IT IS FURTHER ORDERED** that this action be and hereby is remanded to the First Judicial District Court for the County of Santa Fe, State of New Mexico pursuant to 28 U.S.C. § 1447(c), each party to bear its own costs and attorneys' fees.

**SO ORDERED** this 9th day of July, 2008, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge